IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JUL 24 PM 4:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| EDWARD L. JORDAN, JR., | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CIVIL ACTION NO.: |
| API OUTDOORS, INC., | ) | CV-00-J-2059-S |
| DEFENDANT. | ) | |

## COMPLAINT

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff Edward L. Jordan, Jr., is over the age of nineteen (19) and an individual resident citizen of the State of Alabama and has been at all times referred to herein.

2. Defendant API Outdoors, Inc. is a foreign corporation doing business in the State of Alabama and in the Northern District for the State of Alabama, at all times referred to herein.

3. This is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost. Jurisdiction is, therefore, proper in this Court pursuant to 28 U.S.C. § 1332.

4. A substantial part of the events or omissions giving rise to the Plaintiff's claims, and the injuries sustained by the Plaintiff, occurred in the Northern District of the United States District Court for Alabama. Venue is, therefore, proper in this Court pursuant to 28 U.S.C. § 1391.



5. At all material times and during the acts alleged herein, Defendant acted through its respective officers, agents and employees, each of whom acted within the line and scope of his or her employment or agency.

## FACTS

6. On or about November 12, 1999, Plaintiff was using an API Outdoors, Inc. climbing belt (Model Number GBB16) in a manner which was reasonably foreseeable (to climb a tree to engage in the sport of bow hunting), when the climbing belt suddenly and without warning failed, causing the Plaintiff to fall, and sustain injuries. Plaintiff avers that Defendant API designed, assembled, manufactured, marketed, sold, and distributed the climbing belt.

7. Plaintiff avers that Defendant API designed, assembled, manufactured, marketed, sold, and distributed the climbing belt in a fashion which was negligent, reckless and willful and/or wanton, in that this Defendant knew or should have known of the dangerous propensities of the product, and failed to incorporate appropriate safety features, failed to design the product in a manner which would reduce the hazardous propensities of the product, and otherwise failed to warn or instruct foreseeable users of the product, including the Plaintiff, of the hazardous propensities of the product.

8. Plaintiff avers that as a proximate consequence of the negligent, willful and/or wanton conduct described herein of Defendant, Plaintiff was injured and damaged as follows: Plaintiff sustained fractures and compound fractures in both legs and ankles; the nerves, muscles, ligaments, and bones in both of his legs and ankles were injured and damaged and were permanently injured and damaged, the nerves, discs, ligaments, muscles, and other structures of his back were injured and damaged and were

permanently injured and damaged; his musculoskeletal system, including his spine and the individual vertebrae therein, were injured and damaged and were permanently injured and damaged; his hips, knees and feet were injured and damaged and were permanently injured and damaged; his nervous and emotional system was injured and damaged and was permanently injured and damaged; his ribs, internal organs and internal structures were injured and damaged and were permanently injured and damaged; he was caused to suffer excruciating physical pain and mental anguish, and will be caused to suffer physical pain and mental anguish in the future; he was caused to expend sums of money and/or incur debt to receive medical treatment and medicine in and about his efforts to cure and heal himself, and will be caused to expend money and/or incur debt in the future in and about his efforts to cure and heal himself; he has been caused to lose income and will be caused to lose income in the future; and he was otherwise injured and damaged.

## ALABAMA EXTENDED MANUFACTURERS' LIABILITY DOCTRINE

9.  Plaintiff adopts and realleges each material fact and allegation set forth above as if fully set forth herein.

10. The Plaintiff avers that on the above described date, Plaintiff was utilizing an API Outdoors, Inc. GBB16 Climbing Belt which was designed, made, assembled, manufactured, sold or marketed and/or distributed by Defendant API, in the manner intended and/or a manner which was reasonably foreseeable.

11. Plaintiff avers that the above described climbing belt was unreasonably dangerous and defective when used in the manner intended or in a manner which was reasonably foreseeable. Plaintiff avers that the dangerous and defective condition of the product proximately caused Plaintiff's injuries, as described more thoroughly above.

12. Plaintiff avers that Defendant API negligently, wantonly and/or willfully designed, made, assembled, manufactured, sold, marketed and/or otherwise distributed to the Plaintiff the aforementioned climbing belt in an inherently dangerous and defective condition, as set forth above. The hazardous propensities of the materials, parts, components and/or design of the climbing belt rendered the climbing belt unreasonably dangerous to the Plaintiff. Plaintiff avers that Defendant API used sub-standard or unsuitable components in the design of the product. Plaintiff avers that Defendant API failed to incorporate safety devices to prevent failures of the product, such as the one that injured the Plaintiff.

13. At the time of the incident made the basis of this suit, the climbing belt was in substantially the same condition and with the same hazardous propensities as when the climbing belt was designed, made, assembled, manufactured, sold or marketed and/or distributed by Defendant API. Plaintiff contends that Defendant is liable, and strictly liable, as a result of its negligence, willfulness and/or wantonness as a result of the hazardous propensity of the design, materials, parts, and/or components from which the climbing belt was manufactured and the inherently dangerous activity for which the product was designed, made, assembled, manufactured, sold or marketed and/or distributed. Plaintiff brings this portion of his action pursuant to common law negligence theories as well as under the Alabama Extended Manufacturers Liability Doctrine.

## **BREACH OF WARRANTY**

14. Plaintiff adopts and realleges each material fact and allegation set forth above as if fully set forth herein.

15. Plaintiff avers that Defendant API negligently, willfully and/or wantonly breached the warranty of merchantability, warranty of fitness for a particular purpose, and express and implied warranties in regard to the product made the basis of this suit as set forth below:

A. Plaintiff avers that Defendant API made express and implied warranties that the product was fit for its intended use, i.e., to be utilized by sportsmen and hunters to climb trees. Defendant API expressly and impliedly warranted that the product was safe for its intended use. Defendant API provided Plaintiff with the climbing belt made the basis of this litigation in a condition unfit for the ordinary purpose for which such goods are used and thereby breached implied warranties of merchantability in respect to the climbing belt made the basis of this suit. Plaintiff avers that the product was not safe for its intended use, but was in fact dangerous and defective thereby proximately causing or contributing to the Plaintiff's injuries and damages described herein.

B. Plaintiff avers that Defendant API breached the warranty of merchantability and warranty of fitness for a particular purpose in regard to the product made the basis of this suit. Plaintiff avers that the dangerous and defective nature of the product rendered it unfit for the particular purpose for which it was sold. Plaintiff further avers that the warranty of merchantability was breached in that the product was sub-standard, and the components of the product were sub-standard, so as to render the product dangerous and defective when used in the normal or intended manner. Plaintiff avers that the Defendant API's breach of the warranty of merchantability proximately caused or contributed to the Plaintiff's injuries and damages as set forth herein.

C.  Plaintiff further avers that Defendant API knew or should have known of the dangerous propensities of the product, and failed to incorporate appropriate safety features, failed to design the product in a manner which would reduce the hazardous propensities of the product, and otherwise failed to warn or instruct foreseeable users of the product, including the Plaintiff, of the hazardous propensities of the product which proximately caused or contributed to the Plaintiff's injuries and damages set forth herein.

### NEGLIGENCE, WILLFULNESS AND WANTONNESS

16. Plaintiff adopts and realleges each material fact and allegation set forth above as if fully set forth herein.

17. Plaintiff avers that Defendant API was under a duty to act in a non-negligent manner, and breached this duty by acting in a manner which was negligent, willful and wanton in regard to the product made the basis of this suit.

18. Plaintiff avers that the climbing belt made the basis of this litigation did not contain, exhibit, or otherwise disclose adequate warnings or instructions to users or consumers, such as the Plaintiff, informing them of the above hazardous propensities. Plaintiff avers that Defendant API failed to warn and/or adequately warn or inform the Plaintiff of the hazardous propensities of the climbing belt, proximately causing Plaintiff to suffer the injuries and damages described herein.

19. Plaintiff avers that his injuries and damages were proximately caused by the negligence, willfulness and/or wantonness of Defendant API as set forth below:

A.  For that Defendant API negligently, willfully and/or wantonly made, assembled and/or manufactured the climbing belt made the basis of this suit in a

condition not fit for the particular purpose for which it was intended to be manufactured, sold and/or used which proximately caused or contributed to the Plaintiff's injuries and damages described herein.

    B. For that Defendant API negligently, willfully and/or wantonly designed and failed to inspect, test and/or adequately inspect or test the climbing belt and/or the materials, parts, and/or components used in making the climbing belt made the basis of this suit, and this failure proximately caused or contributed to the Plaintiff's injuries and damages described herein.

    C. For that Defendant API negligently, willfully and/or wantonly marketed, and distributed the climbing belt made the basis of this suit in a condition not fit for the particular purpose for which it was intended to be manufactured, marketed, distributed, and used which proximately caused or contributed to the Plaintiff's injuries and damages described herein.

    D. For that Defendant API negligently, willfully and/or wantonly failed to inform, instruct and/or warn the Plaintiff of the defective and unreasonably unsafe propensities of the climbing belt made the basis of this suit, as set forth above. Defendant API knew or should have known that the climbing belt made the basis of this suit was designed and made, manufactured and assembled causing the climbing belt to have a propensity to fail to properly restrain a user, such as the Plaintiff, in the ordinary use of the product (climbing trees) which would foreseeably cause severe injury to persons using the climbing belt. Regardless of this knowledge, Defendant API designed, made, manufactured, assembled, sold or marketed and/or distributed the climbing belt to the Plaintiff without providing the Plaintiff with a warning or adequate warning of these

hazardous propensities, and in a manner which was negligent, willful, wanton, malicious and with reckless indifference to the well-being of the ultimate consumer of the product proximately causing or contributing to the Plaintiff's injuries or damages described herein.

      E.    For that Defendant API negligently, willfully and/or wantonly designed, made, manufactured or distributed the materials, parts, and/or components used in assembling the climbing belt made the basis of this suit. Further, Defendant API negligently, willfully and/or wantonly designed, made, manufactured or distributed the materials, parts, and/or components used to assemble the climbing belt made the basis of this suit and negligently, willfully and/or wantonly failed to warn or adequately warn the Plaintiff, manufacturer or assembler of the climbing belt of the inherently dangerous qualities of said materials, parts, and/or components proximately causing Plaintiff's injuries and damages described herein.

    20.    Plaintiff avers that the negligence of this Defendant, and the agents, servants and employees of this Defendant, and all other entities which acted or failed to act as set forth above combined and concurred to injure and damage the Plaintiff as described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant API Outdoors, Inc. for compensatory, incidental, consequential, and punitive damages, in such amounts to be determined by a jury of his peers, together with interest, attorney fees and costs of this action.

Respectfully Submitted,

_____
James R. Morgan
Morgan & Shands
2000 First Avenue North
901 Brown Marx Tower
Birmingham, Alabama 35203
(205) 322-0102

_____
C. Brian Davidson
Morgan & Shands
2000 First Avenue North
901 Brown Marx Tower
Birmingham, Alabama 35203
(205) 322-0102

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY IN THIS CAUSE.**

_____
C. Brian Davidson

**Plaintiff's Address:**

Mr. Edward L. Jordan, Jr.
c/o C. Brian Davidson
2000 First Avenue North
901 Brown Marx Tower
Birmingham, Alabama 35203

**Please Serve Defendant Via Certified Mail As Follows:**

API Outdoors, Inc.
Box 1432
Tallulah, Louisiana 71282